```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
TRUSTEES OF THE BUILDING TRADES
EDUCATIONAL BENEFIT FUND, THE BUILDING
TRADES ANNUITY BENEFIT FUND, BUILDING
TRADES WELFARE BENEFIT FUND and
ELECTRICIAN'S RETIREMENT FUND
```

            Plaintiffs,        **REPORT AND**
                            **RECOMMENDATION**
      -against-             CV 24-7929 (HG) (ARL)

```
BRIDGE ELECTRIC NJ, LLC, and JOSEPH VINCI,
Individually,
```

            Defendants.
-----------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

   This matter was referred to the undersigned by District Judge Gonzalez for the purpose of issuing a report and recommendation on whether the pending motion for a default judgment should be granted and, if so, the appropriate relief to be awarded to the plaintiffs Trustees of The Building Trades Educational Benefit Fund, The Building Trades Annuity Benefit Fund, Building Trades Welfare Benefit Fund and Electrician's Retirement Fund ("Plaintiffs" or the "Funds"). Plaintiffs have submitted a proposed default judgment in support of their motion along with the affidavits of Danielle M. Carney, Esq., Kevin Chavarria and Alan Rossi. A copy of the proposed judgment with supporting papers was served on the defendants, Bridge Electric NJ, LLC ("Bridge") and Joseph Vinci ("Vinci"). Despite having been served with the motion, neither Bridge nor Vinci submitted papers in opposition. For the reasons set forth below, the undersigned respectfully recommends that Plaintiffs' motion for default judgment be denied with leave to renew.

1

## BACKGROUND

### I. Procedural Background

On November 14, 2024, Plaintiffs commenced this lawsuit seeking to recover unpaid contributions and attendant damages allegedly owed by the defendants, Bridge and Vinci pursuant to Section 515 of the Employee Retirement Income Security Act ("ERISA"), as amended 29 U.S.C. § 1145. ECF No. 1. Bridge was served with a copy of the summons and complaint by service on Vinci on November 21, 2024. ECF No. 7. Vinci was personally served on November 21, 2024. ECF No. 8. Bridge and Vinci failed to answer or otherwise respond to the complaint. Accordingly, on January 28, 2025, Plaintiffs moved for the entry of default as against Bridge and Vinci and, on January 30, 2025, the Clerk of the Court certified Bridge's and Vinci's default based upon their failure to answer or otherwise appear in this action. ECF Nos. 11 & 12. Plaintiffs moved for a default judgment on March 3, 2025. ECF No. 14. The motion was served on Defendants on March 3, 2025. ECF No. 19-1. Defendants have not responded to the motion. By Order dated March 3, 2025, Judge Gonzalez referred Plaintiffs' motion to the undersigned.

Plaintiffs seek an award as against both Bridge and Vinci in the amount of $56,435.11 in unpaid contributions, $11,287.02 in liquidated damages, audit fees of $4,597, audit interest of $6,617.00, $699.44 in costs and $2,600.00 in attorneys' fees for a total of $82,235.57. Chavarria Aff. Ex. D. As noted above, in support of the motion, Plaintiffs submitted the affidavits of Danielle M. Carney, Esq., Kevin Chavarria and Alan Rossi. ECF Nos. 15-17.

### II. Factual Background

The following facts are taken from the complaint as well as the motion for default

2

judgment and the exhibits attached to the motion.

Plaintiffs are the trustees and plan sponsors of an employee benefit plan or fund within the meaning of Section 3(21)(a) of ERISA, 29 U.S.C. §§ 1002(21)(a). Compl. ¶ 5. The Funds are established and maintained pursuant to the terms of the Collective Bargaining Agreements and Trust Indentures. *Id.* The Funds are employee benefit plans within the meaning of Sections 3(1), 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. Section 1002 3(1), 3(2), and 3(3) and 1132(d)(1) and multi-employer plans within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. Sections 1002(37) and 1145). *Id.*

Bridge was a party to and bound by a collective bargaining agreement ("CBA") with the "United Electrical Workers of America IUJAT, Local 363 ("Union") via assumption agreement and by virtue of membership in the Building Industry Electrical Contractors Association ("Association"). *Id*. at ¶ 12; *see* Chacarria Aff. ¶ 4. Pursuant to those agreements, Bridge was obligated to pay contributions and submit remittance reports to the Plaintiffs on behalf of its employees who were covered by the agreements. Chacarria Aff. ¶ 2.

In 2020, Plaintiffs brought an action against Bridge and Vinci for a failure to remit fringe benefit contributions of $56,252.47 as the result of an audit dated October 1, 2016 through September 30, 2019, plus interest, fees, liquidated damages.1 *Trustees of Bldg. Trades Educ. Benefit Fund v. Bridge Elec. NJ, LLC*, No. 20-CV-3376 (DRH) (ARL). While Defendants did

---

1 The court can take judicial notice of this action. *See Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.,* 146 F.3d 66, 70 (2d Cir. 1998) ("A court may take judicial notice of a document filed in another court . . . to establish the fact of such litigation and related filings") (quoting *Liberty Mutual Ins. Co. v. Rotches Pork Packers, Inc*., 969 F.2d 1384, 1388 (2d Cir. 1992)); *Veg-Mix, Inc. v. U.S. Dept. of Agriculture*, 832 F.2d 601, 607, 266 U.S. App. D.C. 1 (D.C. Cir. 1987) ("Courts may take judicial notice of official court records . . . .") (citing *Freshman v. Atkins*, 269 U.S. 121, 123-24, 46 S. Ct. 41, 70 L. Ed. 193 (1925); *In re Aughenbaugh*, 125 F.2d 887, 890 (3d Cir. 1942)).

3

not appear in that action either, the matter was ultimately settled, and, Plaintiffs voluntarily withdrew the action.

Here, Plaintiffs allege that Bridge has failed to pay the contributions due to the Funds on behalf of covered employees for the period of October 1, 2019, through to June 30, 2022, and July 1, 2022, through to November 30, 2022. In the Complaint, Plaintiffs seek "fringe benefit contributions due and owing under the C.B.A., Agreements and in accordance with the Trust Indentures in the minimum amount of $34,812.37 owed for the period of October 1, 2019, through June 30, 2022, as the result of an audit and $1,364.55 from August 2022 to October 2022 for a total of $36,176.92." ECF No. 1, ¶ 15. The Complaint also alleges that Defendants have refused to allow an audit for the period of July 1, 2022, through November 30, 2022. *Id.*, at ¶ 29. As noted in the Carney Aff., prior to the filing of the complaint, this audit was completed. Carney Aff. ¶7, n.1. However, the Carney Aff. seeks "judgment for benefit fund contributions for the period October 1, 2019, to November 30, 2022, is $56,435.11 pursuant to audit with the interest attributable thereto in the total amount of $6,617.00; audit fees of $4,597.00; $11,287.02 in liquidated damages plus $2,600.00 in attorney's fees and $699.44 in costs and fees for a total of $82,235.57." *Id.*; see also Chavarria Aff. ¶ 5. Both rely on the Rossi Aff. that attaches audit results for the period in question.

The Rossi Aff. also attaches the Funds' Policy for Collection of Delinquent Contributions. *See* Rossi Aff., Ex. C. Pursuant to this Policy, "[i]f a Contribution is not received by the Contribution Due Date, then the Funds' Administrative Manager will send a written notice to the employer, as soon as possible, advising the employer that the Contributions must be received within ten (10) days of the date the notice. This notice shall state that in

4

addition to the delinquent Contributions, the employer may be liable for interest charges, liquidated damages, attorneys' fees and court costs incurred in the collection of the Contributions. The notice shall also advise that if payment is not received within ten (10) days of the date that the notice is sent, the delinquency will be referred to the Funds' legal counsel for collection." *Id*. at Section 2, ¶4. Further, in the event of an audit, "[u]pon receipt of the Fund auditor's final report, the Collections Counsel shall send a letter to the employer demanding payment of any amounts found to be due by the auditor. The letter shall state that interest on the delinquent Contributions shall be calculated as set forth in Section 2, paragraph 3, calculated separately as to each person the employer is delinquent in making Contributions on behalf of, for the specific time period the employer was delinquent for that employee. The letter shall also include a demand for any other charges owed to the Funds as a result of the delinquency. For purposes of implementing the procedures set out in Sections 2 and 3 of this Policy, the Due Date for the payment of Audit Findings shall be ten (10) days after the Collections Counsel's letter described herein." *Id.* at Section 4, ¶ 6. Plaintiffs have not alleged that demand for payment has been made under either section, nor have Plaintiffs provided copies of demand letters.

## DISCUSSION

### A.    Legal Standard Governing Defaults

Federal Rule of Civil Procedure 55 establishes a two-step process regarding default judgments. First, the Clerk of the Court enters the party's default. Then, as here, a motion for a default judgment is made to the district court judge. A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *see*

*also Joe Hand Promotions, Inc. v. El Norteno Rest. Corp.,* No. 06-CV-1878, 2007 WL 2891016, at *2 (E.D.N.Y. Sept. 28, 2007) ("[A]ll well-pleaded factual allegations in the plaintiff's complaint pertaining to liability are deemed true").  However, even if a plaintiff's claims are deemed admitted, a plaintiff must still demonstrate that the allegations set forth in the complaint state valid claims.  *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (suggesting that "a district court is 'required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law'" prior to entering default judgment) (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)) (alterations omitted); *CIT Bank, N.A. v. Dambra,* No. 14 Civ. 3951, 2015 WL 7422348, at *5 (E.D.N.Y. Sept. 25, 2015) ("On a motion for default judgment, the burden is on the plaintiff to establish an entitlement to recovery, and a failure to plead sufficient facts may require the denial of the motion."), report and recommendation adopted by, 2015 WL 7430006 (E.D.N.Y. Nov. 20, 2015).  A default also "effectively constitutes an admission that the damages were proximately caused by the defaulting party's conduct: that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged." *Cablevision Sys. New York City Corp. v. Lokshin*, 980 F. Supp. 107, 111 (E.D.N.Y. 1997).  The movant need only prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound,* 973 F.2d at 159.

**B**. **Analysis**

ERISA requires employers to pay fringe benefit contributions pursuant to a valid collective bargaining agreement.  29 U.SC. § 1145.  Specifically, the statute states that

> [e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with the law, make such contributions in accordance

6

with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145.

Here, Plaintiffs have asserted that Bridge entered into a CBA with the Union and failed to remit benefit contributions owed under the CBA. However, as discussed above, pursuant to the Funds' Policy for Collection of Delinquent Contributions "[i]f a Contribution is not received by the Contribution Due Date, then the Funds' Administrative Manager will send a written notice to the employer, as soon as possible, advising the employer that the Contributions must be received within ten (10) days of the date the notice." Rossi Aff., Ex. C at Section 2, ¶4. Plaintiffs have failed to allege that written notice was sent to Defendants and that following such notice, Defendants failed to make the Contributions.

In addition, in the event of an audit, the Policy states that "[u]pon receipt of the Fund auditor's final report, the Collections Counsel shall send a letter to the employer demanding payment of any amounts found to be due by the auditor. The letter shall state that interest on the delinquent Contributions shall be calculated as set forth in Section 2, paragraph 3, calculated separately as to each person the employer is delinquent in making Contributions on behalf of, for the specific time period the employer was delinquent for that employee. The letter shall also include a demand for any other charges owed to the Funds as a result of the delinquency. For purposes of implementing the procedures set out in Sections 2 and 3 of this Policy, the Due Date for the payment of Audit Findings shall be ten (10) days after the Collections Counsel's letter described herein." *Id.* at Section 4, ¶ 6. Plaintiffs have not alleged that demand for payment of the amounts found due by the Audits was made. Accordingly, the undersigned respectfully recommends that the motion for entry of default judgment be denied at this time with leave to renew upon a showing that demand for payment was made.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically filed on the date below. Counsel for Plaintiffs shall serve a copy of this Report and Recommendation on the Defendants upon receipt and shall file proof of service with the Court. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:  Central Islip, New York
       July 2, 2025

/s/
ARLENE R. LINDSAY
United States Magistrate Judge